BEYERS *v.* HODGE.

(Superior Court of Buffalo—General Term, November, 1892.)

Defendants' agent employed plaintiff to render certain services in the interest of his principals, promising to pay therefor $300. On a claim being made by plaintiff for that amount, defendants repudiated the agent's authority in that respect, told her it was too much and refused to pay. *Held*, although the evidence justified an inference that the agent was authorized to employ plaintiff to render the services, there was no evidence that defendants ever agreed to pay, or ratified their agent's agreement to pay plaintiff the amount she claimed.

Under a complaint in an action upon a special contract to pay a given amount for services rendered, no recovery can be had in absence of proof of the value of the services.

ACTION to recover for services rendered. Plaintiff had judgment. The opinion states the case.

*Brown & Sells*, for plaintiff (respondent).

*Frank R. Perkins*, for defendants (appellants).

WHITE, J. The appellants were agents for the Barber Asphalt Company in Buffalo, and their business was procuring contracts for the paving of streets by that company in Buffalo. The appellants had in their service in the summer of 1889, one Andrew Soule. In that year Soule, claiming to represent the defendants, employed the plaintiff to circulate a petition for the purpose of procuring signatures of property owners on which to institute proceedings by the common council of Buffalo for the paving of Bowen street. The plaintiff circulated the petition, procured signatures thereto, and it was used in such proceedings which resulted in the street being paved by the Barber Asphalt Company. Soule promised to pay the plaintiff $300 for her services.

The defendants are to be held liable, if at all, on the ground that they ratified the contract made by Soule with the plaintiff. The only direct evidence in the case tending to establish such ratification is given by the plaintiff herself. There is, perhaps, enough of it, taken in connection with the acts of the defendants in paying to the plaintiff money, and their making use of the petition circulated by the plaintiff in securing the contract with the city, to warrant the inference that Soule was authorized by them to employ the plaintiff to perform the services which she did perform, but from my point of view the case is utterly destitute of evidence that the defendants ever agreed to pay or ratified an agreement by Soule to pay the sum of $300 for those services. Indeed, all the evidence upon that subject is to the contrary. The only time when, according to the plaintiff, anything was said to the defendants about the amount promised her by Soule, they instantly repudiated his authority in that respect. Case, fol. 43.

The complaint in this action is upon a special contract to pay $300, and conceding the plaintiff's rights to recover upon a *quantum meruit*, she cannot recover under her complaint, because no proof of the value of the services was offered, and the proof made falls short of establishing an agreement to pay $300 by the defendants. In order to bind the defendants to the payment of $300, as claimed in the complaint, it should

appear that when informed by the plaintiff that Soule had promised to pay her that amount they assented to it and consented to be bound by it; such intent should have been maintained in an unequivocal manner. The record shows, as we have seen, that when the plaintiff claimed to the defendants that Soule promised her $300, they told her it was too much, and refused to pay it.

It is no doubt true that a principal is bound to disavow the unauthorized act of his agent within a reasonable time after the fact comes to his knowledge. In this case the disavowal was made immediately on the claim being made by the plaintiff for $300. It is impossible, from the record before us, to find that the defendants unequivocally or in any way consented or agreed that the plaintiff should receive $300 for her services.

The judgment appealed from should be reversed.

Judgment reversed. _____